**No. 47953.**—Protests 662580–G, etc., of Henry Pollak, Inc. (New York).

Opinion by TILSON, J.   It was stipulated that certain of the hats in question are similar to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664).   In accordance therewith, some of them were held dutiable at 25 percent ad valorem under paragraph 1504 (b) (5), and those imported or withdrawn from warehouse subsequent to the Netherlands Trade Agreement (T. D. 48075) were held dutiable at only 12½ percent under paragraph 1504 (b) (5).   Protests sustained to that extent.

**No. 47954.**—Protest 94289–K of Ludwig Lehmann, Inc. (New York).

Opinion by KINCHELOE, J.   In accordance with stipulation of counsel that certain of the merchandise consists of ring boxes composed of wood covered and/or lined with cotton, the same in all material respects as those the subject of Abstract 40605, the claim under paragraph 1405 was sustained.

BEFORE THE THIRD DIVISION, JANUARY 25, 1943

**No. 47955.**—Protest No. 847466–G of S. B. Penick & Co. (New York).

Opinion by CLINE, J.   The record shows that the lycopodium seed in question was put up in paper packages which, in turn, were packed in cases.   The paper packages were marked "Lektechurie, Moskau UD. S. S. R." and the cases were marked "Soviet Union."   The seeds were incapable of being marked.   The marking of the cases with "Soviet Union" meets the requirements of the Secretary of the Treasury (T. D. 48116) and the ruling reported in Abstract 42581.   As *Densten Felt & Hair Co.* v. *United States* (27 C. C. P. A. 282, C. A. D. 101) held that the marking "U. S. S. R." was not within the mandate of the statute because it is not in English words, it was held that the immediate containers here were not legally marked.   Following *Givaudan Delawanna, Inc.* v. *United States* (22 C. C. P. A. 115, T. D. 47104), as neither the articles nor the immediate containers were marked, the protest was overruled.